IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAMON TROY WHITE BEAR,<br><br>Defendant. | CR 16-08-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Ramon Troy White Bear (White Bear) has been accused of violating the conditions of his supervised release. White Bear admitted alleged violations 1, 2 and 4. White Bear denied alleged violation 3. The Court dismissed alleged violation 3 on the government's motion. White Bear's supervised release should be revoked. White Bear should be placed in custody until 1:00 p.m. on January 19, 2024, with no supervised release to follow.

## II. Status

White Bear pleaded guilty to Felony Child Abuse on April 7, 2016. (Doc. 22). The Court sentenced White Bear to 84 months of custody, followed by 3 years of supervised release. (Doc. 31). White Bear's current term of supervised

release began on May 24, 2022.  (Doc. 50).

**Petition**

The United States Probation Office filed a Petition on July 13, 2023, requesting that the Court revoke White Bear's supervised release.  (Doc. 50).  The Petition alleged that White Bear had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to comply with his substance abuse testing requirements; 3) by failing to follow the instructions of his probation officer; and 4) by committing another crime.

**Initial appearance**

White Bear appeared before United States Magistrate Judge Timothy J. Cavan for his initial appearance on December 8, 2023.  White Bear was represented by counsel.  White Bear stated that he had read the petition and that he understood the allegations.  White Bear waived his right to a preliminary hearing.

**Revocation hearing**

The parties consented to proceed with the revocation hearing before the undersigned.  The Court conducted a revocation hearing on January 16, 2024.  White Bear admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to comply with his substance abuse testing requirements; and 3) by committing another crime.  The Court dismissed

2

alleged violation 3 on the government's motion. The violations that White Bear admitted are serious and warrant revocation of White Bear's supervised release.

White Bear's violations are Grade C violations. White Bear's criminal history category is I. White Bear's underlying offense is a Class C felony. White Bear could be incarcerated for up to 24 months. White Bear could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

White Bear's supervised release should be revoked. White Bear should be incarcerated until 1:00 p.m. on January 19, 2024, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed White Bear that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed White Bear of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to White Bear that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any,

sanction to impose. White Bear stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Ramon Troy White Bear violated the conditions of his supervised release: by using methamphetamine; by failing to comply with his substance abuse testing requirements; and by committing another crime.

The Court **RECOMMENDS:**

> That the District Court revoke White Bear's supervised release and commit White Bear to the custody of the United States Bureau of Prisons until 1:00 p.m. on January 19, 2024, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district

4

court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 17th day of January, 2024.

/s/ John Johnston
John Johnston
United States Magistrate Judge